# Wickham, Appellant, *v.* Taylor.

*Appeals—Assignments of error—Exceptions—Equity practice.*

1. Assignments of error to findings of fact and conclusions of law by the court below sitting as a court of equity will not be considered where no exceptions have been filed to such findings and conclusions.

*Equity—Equity jurisdiction—Title to land—Ejectment bill—Remedy at law.*

2. A bill in equity praying for the cancellation of a deed on the ground of fraud in certain partition proceedings in which the defendant secured the deed, will be dismissed as an ejectment bill involving merely a question of title to land.

3. It may be that such a title may not be good because of irregularities in the proceedings or because the court did not have jurisdiction, or because the parties to the partition proceeding did not have title, but all of these questions must be determined in an action at law when the question of title is properly raised between the parties asserting adverse title to the land in dispute.

Argued April 14, 1909. Appeal, No. 131, Jan. T., 1909, by plaintiffs, from decree of C. P. Luzerne Co., Oct. T., 1908, No. 19, dismissing bill in equity in case of Charles L. Wickham and Hiram L. Hess v. Weston B. Taylor et al. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Demurrer to bill in equity. Before HALSEY, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*A. Ricketts,* for appellants.—It certainly needs no citation of authorities to show that equity has concurrent jurisdiction in matters of fraud. And our acts of assembly conferring jurisdiction in equity confer such jurisdiction in all cases of fraud: Dull's App., 113 Pa. 510; Slegel v. Lauer, 148 Pa. 236; Yonkers v. Warden, 8 Pa. Superior Ct. 395; Fellows v. Fellows, 4 Cowen, 682.

*R. Laura Cannon,* for appellees.—Equity has no jurisdiction of a case, the principal question in which is the determination

of adverse legal titles to property: Booher v. Browning, 169
Pa. 18; Barclay's Appeal, 93 Pa. 50; Washburn's Appeal, 105
Pa. 480; Grubb's Appeal, 90 Pa. 228.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

The first four assignments of error will not be considered be-
cause in violation of the equity rules. No finding of fact, or
conclusion of law by the learned court below sitting as a chan-
cellor has been excepted to, and no part of the opinion filed has
been specified as error in these assignments. We may, there-
fore, dismiss them without further consideration. The fifth
assignment raises the question as to the order of the court sus-
taining the demurrer and in entering a decree dismissing the
bill. The principal contention relied on by the learned counsel
for appellants is that fraud had been practiced upon the plain-
tiffs and the court by the defendants in the partition proceed-
ings referred to in the bill, and that the sale of the lands in
question by the master in partition was intended to manu-
facture an appearance of title through the guise of a judicial
sale and that no valid title did pass to the purchasers as a
result of that judicial sale. It is admitted that the purchasers
at the sale by the master in partition took a deed for the land
in dispute and that this deed is outstanding and of record in
the office of the recorder of deeds in Luzerne county. The
prayer of the bill asks that the partition proceedings and the
sale made thereunder may be declared fraudulent and void
and that the purchasers at the sale by the master in partition
be compelled to deliver up their deed for cancellation. All of
this is asked upon the ground that the partition proceedings
and the deed made thereunder are a cloud upon the title of
plaintiffs. The defendants demurred to the bill on several
grounds, namely, that it is multifarious; that it is an ejectment
bill concerning title to real estate; that the averments do not
make out a case for equitable relief; that the bill does not
show title in either plaintiff for either piece of land; that no
common right by plaintiffs against defendants is averred; and
that the plaintiffs do not disclose in their bill any right to inter-
vene on the question of title to the lands in dispute as between

the defendants, the Taylor heirs on one side and Sutton and Freeman, the purchasers at the sale in partition on the other.

The learned court below after very careful consideration sustained the demurrer in an opinion which shows intelligent consideration of the complicated questions involved. We fully agree with the conclusion reached by the learned court below. The question involved between the contending parties is the title to the land in dispute and the remedy, if there be any, is by ejectment in an action at law. Sutton and Freeman hold a deed from the master in partition for the lands in question, and are asserting their title under the same. We must assume that the partition proceedings were regular and that the petitioner made out such a case as to warrant the court in decreeing the partition and authorizing the sale. Certainly, under these circumstances, the purchasers cannot be said to hold a deed which is only in the nature of a cloud upon the title set up by appellants. It is not a cloud upon the title, but a regular title conveyed under the forms of law required in a proceeding in partition. It may be that even such a title may not be good because of irregularities in the proceedings or because the court did not have jurisdiction, or because the parties to the partition proceeding did not have title, but all of these questions must be determined in an action at law when the question of title is properly raised between the parties asserting adverse title to the land in dispute. There is not a case in the books in our state where a disputed question of title was tried in a court of equity. There are other questions raised by the demurrer upon which it might be properly sustained, but no useful purpose can be served by prolonging the discussion.

Decree affirmed at the cost of appellants.